IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARSON DUNLAP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-2147-B |
| | § | |
| RODNEY HOOD, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendant Rodney Hood has filed a motion to compel the uninterrupted mental examination

of Plaintiff Carson Dunlap in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff has

agreed to submit to a psychological evaluation by Hood's expert, Kyle Babick, a licensed clinical

psychologist, provided the evaluation is limited to six hours in duration, the evaluation is videotaped,

and counsel is permitted to observe the evaluation behind a one-way glass partition in an adjacent

room. Hood has agreed to those conditions. However, counsel for plaintiff insists on reserving the

right to lodge appropriate objections and to consult with his client, if necessary, during the

evaluation. The parties have briefed their respective positions in a Joint Status Report filed on

October 31, 2008, and the motion is ripe for determination.

Rule 35 of the Federal Rules of Civil Procedure provides that, upon motion for good cause

shown:

> The court where the action is pending may order a party whose
> mental or physical condition . . . is in controversy to submit to a
> physical or mental examination by a suitably licensed or certified
> examiner.

FED. R. CIV. P. 35(a)(1). An order compelling such an examination must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2)(B). Here, the parties have agreed to allow Kyle Babick, a licensed clinical psychologist, to evaluate plaintiff and administer a battery of psychological tests, including the Minnesota Multiphasic Personality Inventory-2 ("MMPI") and the Million Clinical Multiaxial Inventory-III ("MCMI"). The parties also agree to limit the evaluation to six hours in duration, to videotape the evaluation, and to allow counsel to observe the evaluation behind a one-way glass partition in an adjacent room. The only matter in dispute is whether counsel for plaintiff may lodge objections and consult with his client during the evaluation.

A party has no right to the presence of any third person, including his or her attorney, at a physical or mental examination. *See, e.g. Heffelfinger v. Connolly*, No. 3:06-CV-2823, 2008 WL 4417177 at *1 (N.D. Ohio, Sept. 27, 2008) (citing cases); *Barsamian v. City of Kingsburg*, No. 1:07-CV-00316 OWW GSA, 2008 WL 2168982 at *5 (E.D. Cal. May 22, 2008) (citing cases). As noted by one commentator:

> Courts should not allow the presence of an attorney at a Rule 35 mental or physical examination except on the highest showing of good cause. The presence of an attorney has a high probability of causing adverse effects on the examination, including the injection of an adversarial atmosphere into the examination and the possibility of making the attorney a witness. The consequences of this presence, including delays in the trial and disruptions of the examinations, warrants the exclusion of attorneys. Furthermore, there are numerous pre-trial and trial procedures that will protect the examinee from any impermissible harm. These alternative protective methods make the presence of the attorney unnecessary in most cases. Any benefit derived from the presence, such as the ability to stop an improper line of questioning, may come from another protective device, such as the presence of a physician or striking improperly acquired information from the record. Therefore, the courts should allow the presence of an attorney only in the rare instance when the examinee shows a compelling case for good cause.

W. Wyatt & R. Bales, *The Presence of Third Parties at Rule 35 Examinations*, 71 Temple L.Rev. 103, 127 (1998), *quoted in Heffelfinger*, 2008 WL 4417177 at *1. Many of these same concerns exist if counsel for plaintiff is allowed to lodge objections and consult with his client during the evaluation. In a sworn affidavit, Dr. Babick explains the need for an uninterrupted evaluation of plaintiff. According to Dr. Babick, it would "disrupt[ ] the flow of the interview [and] interfere[ ] with obtaining information necessary to form complete and accurate conclusions" if anyone is permitted to communicate with plaintiff during the course of the evaluation. (*See* Jt. Stat. Rep. App. at 49). Plaintiff offers no contrary evidence, much less demonstrates good cause, to justify the conditions suggested by his attorney.

Accordingly, Hood's motion to compel the uninterrupted mental examination of plaintiff [Doc. #37] is granted. Kyle Babick, a licensed clinical psychologist, is authorized to conduct a psychological evaluation of plaintiff at a time and place agreed to by the parties. The evaluation shall not exceed six hours in duration. Counsel for plaintiff may videotape the evaluation and observe the evaluation behind a one-way glass partition in an adjacent room. However, counsel will not be permitted to lodge any objections, consult with his client, or otherwise disrupt the evaluation.[1]

SO ORDERED.

DATED: November 7, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In the event any problems arise during the evaluation, counsel may initiate a telephone conference with the magistrate judge to discuss the matter.