IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CARSON DUNLAP | § | |
| --- | --- | --- |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-07-CV-2147-BD |
| RODNEY HOOD, ET AL. | § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff has filed a motion to exclude the supplemental opinion of Barry G. Dickey, a certified forensic analyst, who has reviewed video images from a surveillance camera at the Dallas city jail and is prepared to testify that, based on an "elemental analysis" of the positions of various officers depicted in the video, a minimum of two officers participated in "extracting" plaintiff from a holding cell on January 1, 2006. One of the arguments made by plaintiff for excluding Dickey's opinion is that his testimony will not help the jury and, therefore, is inadmissible under Rule 702. The motion has been fully briefed by the parties and is ripe for determination.[1]

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

---

[1] Defendant has filed a motion to strike plaintiff's reply brief as untimely. Because nothing presented in the reply brief affects the court's ruling on the underlying motion, defendant's motion to strike [Doc. #69] is denied as unnecessary.

FED. R. CIV. EVID. 702. With regard to the requirement that expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue," the Advisory Note explains:

> There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute. When opinions are excluded, it is because they are unhelpful and therefore superfluous and a waste of time.

*Id.*, Adv. Comm. Note (1972) (internal citations and quotations omitted). A district court has wide discretion to admit or exclude expert testimony. *See Page v. Barko Hydraulics*, 673 F.2d 134, 139 (5th Cir. 1982).

A critical disputed fact in this excessive force case is whether defendant took plaintiff out of the holding cell and threw him to the ground, or whether another officer was responsible for causing plaintiff's injuries. It is undisputed that the surveillance video did not capture plaintiff's removal from the holding cell or his initial contact with the ground. Instead, the video shows defendant standing next to a holding cell looking at a detainee, presumably plaintiff, who is inside the cell. An unidentified officer is seen nearby looking in the general direction of the holding cell. The next sequence, taken six seconds later, depicts two officers bending over, possibly observing someone on the ground. The only clear images of plaintiff are contained in a five-second sequence showing him lying face-down with his hands cuffed behind his back and surrounded by as many as four officers. Based on his "elemental analysis" of the surveillance video, Dickey concludes that at least two officers participated in extracting plaintiff from the holding cell. However, Dickey reached that conclusion just by looking at the images taken from the surveillance video, unaided by any specialized knowledge or experience. Because Dickey is no better suited than the jury to interpret the contents of the video, his supplemental opinion is not the proper subject of expert testimony. *See*

*e.g., Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986) (holding that expert testimony is inadmissible "as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance"); *Lane v. Target Corp.*, No. C 05 306, 2006 WL 870805 at *5-6 (S.D. Tex. Apr. 3, 2006) (excluding expert testimony where opinion was based on nothing more than logic and common sense).

For these reasons, plaintiff's motion to exclude the supplemental expert opinions of Barry G. Dickey [Doc. #44] is granted.

SO ORDERED.

DATED: February 13, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE